Hossain v. Garland

BIA
Poczter, IJ
A206 250 253

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-five.

PRESENT:
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

ARIF HOSSAIN,
> *Petitioner,*

> v.                                                                 22-6298
>                                                                    NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**              Khagendra Gharti-Chhetry, New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Krishana N. Patel, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Arif Hossain, a native and citizen of Bangladesh, seeks review of a May 25, 2022 decision of the BIA affirming a November 27, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Arif Hossain*, No. A206 250 253 (B.I.A. May 25, 2022), *aff'g* No. A206 250 253 (Immigr. Ct. N.Y.C. Nov. 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We address only the adverse credibility determination because Hossain has failed to exhaust some issues he raises here. On appeal to the BIA, he did not challenge the reliability of the record of the credible fear interview, argue that there was objective evidence sufficient to

2

demonstrate a well-founded fear of persecution even absent credible testimony, or raise his CAT claim. Thus, the BIA did not err in finding the issues forfeited, and the issues are unexhausted and not properly before us. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (re-confirming that issue exhaustion is mandatory).

We review adverse credibility determinations "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The credibility determination provision of the asylum statute reads:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

*Id.* § 1158(b)(1)(B)(iii).

"We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Hossain was not credible as to his claim that he was assaulted on multiple occasions by members of an opposing political party.

The agency reasonably relied on inconsistencies between Hossain's credible fear interview, application, and testimony regarding the number of times he was attacked. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At the interview conducted approximately two months after Hossain entered the United States, he was asked how many times he was harmed; in response, he indicated "[t]wo times," then said the first time was May 5, 2013, and the second time was May 15, 2013. Certified Admin. Rec. at 766. But he identified two additional attacks in his application— one in July 2011, and another in February 2012, in which Awami League members cut him with a knife. And he testified to an additional 2009 incident, in which Awami League members threatened to kill him if he did not stop putting up posters.

When confronted with these inconsistencies, Hossain explained that he was nervous during his credible fear interview and focused on the most recent events that made him leave Bangladesh. However, "an alien's mere recitation that he was nervous . . . will not automatically prevent the IJ or BIA from relying [o]n statements . . . when making adverse credibility determination." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 397 n.6 (2d Cir. 2005). Nor was the IJ compelled to credit Hossain's explanation that he only spoke about the events that caused him to leave Bangladesh because he was asked how many times he was attacked. The record reflects that Hossain was repeatedly asked if he wanted to add more information about his claim; given this questioning, it makes little sense that he would fail to mention the most severe attack in 2012. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *see also Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir. 2006) ("[O]missions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination."). While Hossain was "not required to give a detailed and specific account of the bases for [his] claims" in his credible fear

interview, *Ming Zhang v. Holder*, 585 F.3d 715, 724 (2d Cir. 2009) (quotation marks omitted), the first two times he was attacked are the kind of facts "that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances," *Hong Fei Gao*, 891 F.3d at 78–79, and Hossain confirmed he had understood the purpose of the credible fear interview was to provide *all* the reasons he feared returning to Bangladesh.

The inconsistencies, which call into question the alleged assaults that were the basis of the claim, provide substantial evidence for the agency's credibility determination. *See Singh v. Garland*, 6 F.4th 418, 431 (2d Cir. 2021) ("The more serious the inconsistency—*i.e.*, the greater the importance of the fact upon which inconsistency is found for the success of the petition and the more likely it is that a truthful account would not have included the inconsistency—the more substantial that evidence is in casting doubt on the petitioner's credibility."); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."); *Xiu Xia Lin*, 534 F.3d at 166 ("Where the IJ's adverse credibility finding is based on specific examples . . . of inconsistent statements or contradictory evidence, a reviewing court will generally not be able to conclude that a reasonable

6

adjudicator was compelled to find otherwise." (quotation marks omitted)).   The adverse credibility determination is dispositive of asylum and withholding of removal because both forms of relief are based on the same factual predicate.   *See* *Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court